IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 06-cv-01837-LTB-MJW

NABIL JUWALE (A# 75 303 090) and
ZULFIKHAR MOHAMMED (A# 76 796 098),

    Plaintiffs

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;
MARIO ORTIZ, District Director, United States Department of Homeland Security, Denver, Colorado; and
FEDERAL BUREAU OF INVESTIGATIONS,

    Defendants.
_____

ORDER
_____

This case is before me on Defendants' Motion to Dismiss. After consideration of the motion, related pleadings, and the case file, I deny the motion for the reasons set forth below.

**I. Background**

Plaintiffs are lawful permanent residents of the United States who have applied for naturalization with the United States Citizenship and Immigration Services ("USCIS"). Specifically, Plaintiff Nabil Juwale submitted his application for naturalization on November 5, 2003 and was interviewed by the USCIS on April 14, 2004, while Plaintiff Zulfikhar Mohammed submitted his application for naturalization on July 17, 2003 and was interviewed by the USCIS on December 16, 2003. By their Complaint, Plaintiffs seek a writ of mandamus requiring Defendants to adjudicate Plaintiffs' applications for naturalization.

Defendants seeks the dismissal of Plaintiffs' Complaint on the basis that this Court does not have jurisdiction over Plaintiffs' claims. Alternatively, Defendants ask the Court to remand the case to the USCIS for further proceedings or to hold the case in abeyance pending the completion of required background checks.

## II. Analysis

Section 1447(b), 18 U.S.C., provides as follows:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States District Court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Defendants argue that Plaintiffs may not seek intervention from this Court under this statute until the entire investigative process that is triggered by Plaintiff's applications for naturalization, including background checks and any required follow-up investigation, is completed. Defendants further argue that since the investigative process with respect to Plaintiffs' applications for naturalization has not yet been completed despite the passage of approximately 3 years since they were first interviewed by the USCIS, the 120-day time period set forth in Section 1447(b) has not yet begun to run. I disagree.

Section 1447(b) plainly refers to "the date on which the examination is conducted" as the event which triggers the 120-day time period for determination by th e USCIS. Defendants' interpretation of this language as encompassing a process extending over a period of time as opposed to a single day is at odds with this plain language. *See Robinson v. Shell Oil Co.,* 519 U.S. 337, 340 (1997) (the first step of statutory construction is to determine whether the statutory language at issue has a plain and unambiguous meaning). Defendants' interpretation of this

language is also at odds with the agency regulations that were promulgated to give effect to Section 147(b) and related statutory provisions. Notably, these regulations provide that an "[e]xamination of applicant" consists of the applicant's appearance in person before a qualified USCIS officer and is not to occur until after a full criminal background check of the applicant has been completed. 8 C.F.R. § 335.2(a) & (b).

In view of the plain language of Section 1447(b) as reflected in the governing agency regulations, Defendants' interpretation of this statutory provision must be rejected unless the literal application of this provision would conflict with legislative intent. *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242 (1989). In this regard, one of the purposes behind the Immigration Act of 1990 was to reduce the waiting time for applicants for naturalization. *See* 135 Cong. Rec. H4539-02, H4542 (1989) (Act addresses problem of long backlogs moving through the naturalization process). Interpreting Section 1447(b) according to its plain language allows for court intervention if the USCIS fails to act within a set period of time and therefore promotes the legislative intent underlying the enactment of this statutory provision. In contrast, Defendants' interpretation of Section 1447(b) would render the 120-day time period set forth therein meaningless and thereby frustrate legislative intent.

Under these circumstances, I conclude that the proper interpretation of Section 1447(b) is that the 120-day time period begins to run on the date that an applicant for naturalization appears in person before the USCIS. This conclusion is also in accord with the majority of courts that have considered this issue. *See e.g. Khelifa v. Chertoff,* 433 F. Supp. 2d 836, 842-3 (E.D. Mich. 2006). Accordingly, because Plaintiffs appeared for examination before the USCIS on April 14, 2004 and December 16, 2003, respectively, I further conclude that this Court has jurisdiction over this matter.

The next question then is how this case should proceed. In this regard, Defendants urge me to remand the case to the USCIS for completion of the processing of Plaintiff's applications for naturalization or to hold the case in abeyance until this processing is complete. Plaintiffs are generally agreeable to remanding this matter to the USCIS provided that the Court set reasonable and firm deadlines for the processing of their applications for naturalization. Given the significant security concerns underlying the naturalization process and the specialized skills and resources available to the USCIS for addressing these concerns, I agree that remand of this matter is appropriate. To remand this matter with no further instruction would, however, likewise frustrate legislative intent and render Section 1447(b) meaningless. Accordingly, I conclude that it is necessary to set this matter for a hearing regarding the terms and conditions of remand and shall issue a separate order to this effect.

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Dismiss [Doc # 12] is DENIED.

Dated: February   23  , 2007 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE